512-470-0058

FILED
2020 FEB 24 PM 1:09
BARBARA A. WIEDENBEIN
CLERK OF COMMON PLEAS
CLERMONT COUNTY, OH

# STATE OF OHIO
## CLERMONT COUNTY COURT OF COMMON PLEAS
### CIVIL DIVISION

| | | |
|---|---|---|
| **Gerald L. Shults, Jr.** | : | Case Number: 2020 CVC 208 |
| 4399 Todd Rose Court | : | |
| Cincinnati, Ohio 45244 | : | Judge: |
| | : | |
| | : | JUDGE HADDAD |
| Plaintiff | : | |
| | : | |
| -vs- | : | |
| | : | |
| **Sandra Norling** | : | |
| 3419 Aubree Katherine Dr | : | **COMPLAINT FOR DEFAMATION** |
| Killeen, Texas 76542 | : | **OF CHARACTER ; INTENTIONAL** |
| | : | **INFLICTION OF EMOTIONAL** |
| | : | **DISTRESS; UNLAWFUL** |
| | : | **DISPARAGEMENT: AND DAMAGES** |
| Defendant | : | |

Now comes the Plaintiff, Gerald L. Shults, Jr. (hereinafter referred to as Plaintiff "Gerald"), by and through his undersigned counsel, Eppley Legal Group, LLC, and for his Complaint for Defamation of Character; Intentional/Negligent Infliction of Emotional Distress; and Damages, against the Defendant, Sandra Norling (hereinafter referred to as Defendant "Sandra" sets forth the following allegations and claims for relief:

## PARTIES

1. Plaintiff, for all pertinent times relevant to this case, is/was a resident of Clermont County, Ohio and resides/resided at 4399 Todd Rose Court, Cincinnati, Ohio 45244.

**EXHIBIT 1**

Shults v. Norling   Complaint for Defamation, etc.
Case Number:

2. Defendant, for all pertinent times relevant to this case, is/was a resident of Texas and resides/resided at 3419 Aubree Katherine Drive, Killeen Texas 76542.

## JURISDICTION AND VENUE

3. Jurisdiction for this Court over the matters in this Complaint is proper since Plaintiff was/is, at all pertinent times to this action, a resident of Clermont County, Ohio and the injuries suffered by Plaintiff occurred in the State of Ohio/Clermont, County, Ohio.

4. Jurisdiction for this Court over the matters in this Complaint is proper since this Court has personal jurisdiction over Defendant based on her multiple acts of defamation (libel and slander) and intentional infliction of emotional distress against Plaintiff through electronic means and otherwise while knowing that he resides in Ohio and would suffer any injuries from her statements and writings in the state in which he resides.

5. Jurisdiction for this Court over matters in this Complaint is proper since this Court has personal jurisdiction over Defendant pursuant to Ohio Rule of Civil Procedure 4.3(A)(3) and the Ohio Long Arm Statute, R.C. 2307.382(A)(3).

6. Venue is appropriate in Clermont County, Ohio pursuant to Ohio Rule of Civil Procedure 3(C)(3), 3(C)(6) and 3(C)(7) and Ohio Rules of Civil Procedure Section 3(F) as there are multiple Defendants and multiple claims for relief.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff Gerald is the brother of Defendant Sandra who formerly lived in Kentucky but had moved her residence from the State of Kentucky during and prior to commencement of this action. Upon information and belief, Defendant currently resides in Killeen, Texas at her last known address listed above.

Shults v. Norling  
Case Number:                                                                                            Complaint for Defamation, etc.

8. Plaintiff Gerald is the grandfather to two minor children of which he has had legal custody since on or about their birth due to issues relating to the inability of the biological parents to provide a stable and loving environment for the minor children. As such, the minor children have resided with Plaintiff and his wife in Clermont County, Ohio since birth and continue to reside with them as their legal guardians as of the date of this Complaint.

9. For reasons unknown, on or about March 25, 2017, Defendant Sandra contacted the Union Township Police Department and filed a report accusing Plaintiff Gerald of inappropriate contact with the minor children and requesting a welfare check. The Union Township police were sent to Plaintiff Gerald's residence listed above and interviewed Plaintiff Gerald as well as the minor children and concluded that Defendant Sondra's claims were unfounded. Please see copy of Union Township Police Report attached hereto as Exhibit 1.

10. On or about May 26, 2017, Defendant Sandra contacted the Union Township Police Department and alleged that Plaintiff Gerald had engaged in inappropriate contact with his son's minor children. After investigation, it was determined that Plaintiff Gerald's son was in the United States Military stationed in Hawaii and that Plaintiff Gerald had not seen these grandchildren in more than two years. The police warned Defendant Sandra that her actions of filing false complaints against Plaintiff Gerald could result in criminal action pursued by the Union Township Police Department. Please see copy of Union Township Police Report attached hereto as Exhibit 2.

11. Despite these warnings, Defendant Sandra again contacted the Union Township Police Department on March 27, 2017 making similar unfounded and defamatory claims that Plaintiff Gerald was molesting or otherwise engaging in sexual abuse of his grandchildren who resided with him as their legal guardian.

12. Throughout 2017 and 2018, Defendant Sandra continued a pattern of accusing Plaintiff Gerald of molesting his grandchildren, among other things. She did this via social media, calls to the minor children's school, as well as contacting the United States Military in October 2018 which resulted in Plaintiff Gerald's son facing inquiries regarding sexual abuse

3

Shults v. Norling  Complaint for Defamation, etc.
Case Number:

claims from Defendant Sandra. Thereafter, on or about October 30, 2018, Plaintiff Gerald was visited by the Federal Bureau of Investigation and a Cincinnati Police officer which actually was communicated to Homeland Security by way of the German Embassy which Defendant Sandra had contacted making the same false accusations against Plaintiff Gerald relating to claimed sexual abuse of his minor grandchildren. As with all the previous investigations, there was no evidence to support Defendant Sandra's outrageous claims which had not resulted into further investigations by the FBI and other related federal agencies.

13. In response to continuing harassment and her publication and communication of defamatory statements and writings about Plaintiff Gerald as discussed above, a cease and desist letter was sent to Defendant Sandra by the law firm of Fears Nachawati dated October 31, 2018.

14. Despite the cease and desist letter, on or about February 15, 2019, Defendant Sandra contacted the Union Township Police yet again lodging the same false and defamatory accusations against Plaintiff Gerald that the police hard warned her to stop doing some months prior.

15. On or about March 24, 2019, Defendant Sandra contacts one of the minor children via instant messenger. Plaintiff Gerald took control of the instant messenger and directly informed Defendant Sandra to have no contact with him or his grandchildren by electronic or other similar means.

16. On or about March 25, 2019 Plaintiff Gerald's birthday, Defendant Sandra contacted the West Clermont High School wherein she falsely accused Plaintiff Gerald of molesting his grandchildren. Plaintiff's wife immediately met with school representatives and was able to explain that Defendant Sandra, for reasons unknown, has been engaged in a pattern of harassment and making knowingly false statements that Plaintiff Gerald has been sexually abusing his grandchildren and that all of her allegations have been investigated and rejected as unfounded by various local, state and federal agencies.

4

Case: 1:20-cv-00224-TSB Doc #: 2 Filed: 03/19/20 Page: 5 of 10 PAGEID #: 31

Shults v. Norling                                                           Complaint for Defamation, etc.
Case Number:

17.     Thereafter, Defendant Sandra published a Facebook Public Post with a picture of Plaintiff Gerald above which contains a lengthy paragraph which includes further false accusations by Defendant Sandra that Plaintiff Gerald was sexually abusing his grandchildren. Please see Exhibit 3 attached hereto. Defendant Sandra also claimed Plaintiff Gerald's employment at Cincinnati Children's Hospital was to gain access to other children for inappropriate conduct.

18.     The foregoing demonstrates a continuing pattern of harassment and the uttering, writing and publishing of false and defamatory statements by Defendant Sandra against Plaintiff Gerald the substance of which are some of the worst kinds of accusations that can be made against a person. As a result, Plaintiff Gerald has suffered damages to his reputation, public humiliation, increased risk of employment issues as he works at a hospital and all of the types of emotional distress that such malevolent behavior is reasonably expected to cause.

19.     Defendant Sandra was informed by Plaintiff Gerald's other sister, Lisa Stepson of Elgin, Illinois, that Defendant Sandra's defamatory actions were destructive and needed to stop. Defendant Sandra has acknowledged that but has not stopped her behavior.

## CAUSES OF ACTION

### First Cause of Action:
### Defamation of Character

20.     Defamation is a false publication that inures a person's reputation. *Dale v. Ohio Civ. Serv. Emp. Assn.* 1991), 57 Ohio St. 3d 112, 117. In *Lawson v. AK Steel Corp.* (1997), 121 Ohio App 3d. 251, 256, the court set forth the elements of a defamation action.

21.     The essential elements of the common law action of defamation, which includes both libel and slander, are:

      (a)     A false and defamatory statement concerning another;
      (b)     An unprivileged publication to a third party;
      (c)     Fault amounting at least to negligence on the part of publisher; and

Shults v. Norling                                              Complaint for Defamation, etc.
Case Number:

      (d)    Either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

22.    Ohio recognizes two types of defamation, per se and per quod.

23.    For a communication to be defamatory per se, it must be actionable upon the very words regard to the interpretation of the listener, i.e it is actionable on its face. *McCartney v. Oblates of St. Francis of DeSales* (1992), 80 Ohio App. 3d 345, 353.

24.    To be defamation per se, the communication must consists of words that: (a) import an indictable criminal offense involving moral turpitude or infamous punishment, (b) impute some loathsome or contagious disease that excludes one from society, or (c) tends to injure one in his trade or occupation. *See McCartney* at 353.

25.    Plaintiff Gerald is not a public figure.

26.    The statements, utterances and writings made by the Defendant Sandra, either via e-mail, via Facebook, via telephone or via a writing and/or testified to in person, constitute defamatory publications against the Plaintiffs integrity, parenting abilities, profession, virtue, honesty, reputation and resulted in damages to Plaintiff Gerald as described further herein.

27.    The above described publications were not privileged because the publications were published by the Defendant Sandra with malice, hatred and ill will towards the Plaintiff Gerald or with recklessness and negligence, with the intent to cause damage to the Plaintiff Gerald.

28.    As a direct and proximate result of the above-described publications, the Plaintiff Gerald has been and continues to be embarrassed, humiliated, and devastated by the false statements and implications and Plaintiff Gerald has been, and continues to be shunned, avoided and subjected to ridicule resulting in financial, mental and physical damages.

Shults v. Norling  Complaint for Defamation, etc.
Case Number:

## Second Cause of Action:
## Intentional/Negligent Infliction of Emotional Distress (as to all Defendants)

29. Plaintiff Gerald re-alleges and incorporates by reference each and every allegation contained in paragraphs one through twenty-nine.

30. To establish a claim for intentional/negligent infliction of emotional distress, a Plaintiff must show that the Defendant, through extreme and outrageous conduct intentionally or recklessly or negligently caused the Plaintiff severe emotional distress. *Yeager v. Local Union 20* (1983), 6 Ohio St.3d. 369, 374.

31. In the case at bar, there was a series of intentional or reckless or negligent actions and/or conduct by the Defendant Sandra directed toward Plaintiff Gerald which would cause any reasonable person substantial distress.

32. On information and belief, Defendant Sandra intentionally and/or recklessly and/or negligently made disparaging remarks, and/or harmful and offensive allegations and/or derogatory statements in order to cause mental, psychological, emotional, and/or financial damage to Plaintiff.

## Third Cause of Action:
## Unlawful Disparagement

33. Plaintiff Gerald re-alleges and incorporates by reference each and every allegation contained in paragraphs one through thirty-one.

34. Unlawful disparagement is similar to defamation. Ohio courts have defined unlawful disparagement "as a false statement which does harm to the pecuniary interests of another and causes pecuniary loss." *Village of Grafton v. American Broadcasting Co.*, 70 Ohio App.2d 205, 214, 435 N.E.2d 1131, (App. 9 Dist. 1980).

7

Shults v. Norling  
Case Number:                                                                                                                         Complaint for Defamation, etc.

35.     The statements, utterances and writings made by the Defendant Sandra, either via e-mail, via Facebook, via telephone or via a writing and/or testified to in person, constitute disparaging publications against the Plaintiff's integrity, parenting abilities, profession, virtue, honesty, reputation and resulted in damages to Plaintiff Gerald as described further herein.

36.     As a direct and proximate result of the above-described publications, the Plaintiff Gerald has been and continues to be embarrassed, humiliated, and devastated by the false statements and implications and Plaintiff Gerald has been, and continues to be shunned, avoided and subjected to ridicule resulting in financial, mental and physical damages.

**WHEREFORE,** the Plaintiff respectfully prays for judgment as follows:

(a)     For an Order awarding Plaintiff Gerald unspecified compensatory and statutory damages according to proof in an amount no less than one-million dollars ($1,000,000)

(b)     For an Order awarding Plaintiff punitive damages;

(c)     For an Order awarding Plaintiff the costs of filing this lawsuit;

(d)     For an Order awarding Plaintiff reasonable compensation for time missed at work as a result of having to defend such frivolous claims and accusations;

(e)     For an Order awarding Plaintiffs reasonable attorney fees and litigation expenses; and;

(f)     Any other relief at law or equity that the Court deems just and proper.

Shults v. Norling  Complaint for Defamation, etc.
Case Number:

Respectfully submitted,

**EPPLEY LEGAL GROUP**
Mark C. Eppley (#0079218)
Andrew W. Green (#0072978)
635 West Seventh Street
Suite 300
Cincinnati, Ohio 45203
513.621.6275 (Phone)
513.621.6274 (Facsimile)
Mark@EppleyLegalGroup.com
Andrew@EppleyLegalGroup.com

## INSTRUCTIONS TO THE CLERK

Issue service upon Defendant, Sandra Norling, on behalf of Gerald L. Shults, Jr., Plaintiff at the following address by certified mail, return receipt requested:

Sandra Norling
3419 Aubree Katherine Drive
Killeen, Texas 76542

Andrew W. Green (#0072978)
Attorney for Plaintiff Gerald Shults

9

Shults v. NorlingComplaint for Defamation, etc.
Case Number:

## **VERIFICATION**

I, Gerald L. Shults, Jr., having reviewed the foregoing Complaint to attest under oath that the statements and allegations set forth therein and true and correct to best of my knowledge.

*(signature)*
Gerald L. Shults, Jr.


STATE OF OHIO
COUNTY OF HAMILTON

On February 22nd, 2020 before me, **Mark C. Eppley**, a Notary Public in and for said county and state, personally appeared Gerald L. Schults, Jr., personally known to me (or proved on the basis of satisfactory evidence) who has declared that he signed the foregoing Verified Complaint as his free and voluntary act for the purposes therein expressed to the best of his knowledge and belief and, further, Plaintiff is eighteen (18) years of age or older, of sound mind and under no constraint or undue influence.

WITNESS my hand and official seal.

*(signature)*
Notary Public for the State of Ohio

My commission expires: _____

MARK CARTER EPPLEY
ATTORNEY AT LAW
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

9