## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **GERALD L. SHULTS, JR.** | : | **No. 1:20-cv-224** |
| **Plaintiff,** | : | **Judge Timothy Black** |
| **v.** | | Magistrate Judge Stephanie K. Bowman |
| **SANDRA NORLING** | : | |
| | | [formerly in the Common Pleas Court of Clermont County, Ohio No. 2020 CVC 00208] |
| **Defendant.** | : | |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c), Defendant, Defendant, Sandra Norling, moves this Court for judgment on the pleadings as to: (1) the claims for disparagement as duplicative; (2) the claims for negligent infliction of emotional distress for failure to state a claim; and (3) all claims for relief arising prior to **February 24, 2019** as untimely. Defendant Norling also moves this Court to confirm the application of Ohio's statutory cap on non-economic damages to all asserted claims. This motion is supported by the attached memorandum, which is incorporated by reference.

Respectfully submitted,

/s/ Jennifer L. Wilson

Jennifer L. Wilson (0071376)
FREUND, FREEZE & ARNOLD
Capitol Square Office Building
65 E. State Street, Suite 800
Columbus, OH 43215-4247
T: 614-827-7300; F: 614-827-7303
jwilson@ffalaw.com
*Counsel for Defendant Sandra Norling*

/s/ Edward J. Collins

Edward J. Collins (0025833)
DRODER & MILLER CO., LPA
250 East Fifth Street
Suite 700
Cincinnati, OH 45202
T: 513-721-1504 ext. 206; F: 513-721-0310
ecollins@drodermiller.com
*Co-Counsel for Defendant Sandra Norling*

*/s/ Nicole A. Mitchell*
Nicole A. Mitchell (0068178)
FREUND, FREEZE & ARNOLD
Union Centre Office Park II
8899 Brookshire Avenue, Suite 203
West Chester OH 45069
T: 513-587-3917; F: 513-618-3917
nmitchell@ffalaw.com
*Counsel for Defendant, Sandra Norling*

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      INTRODUCTION & SUMMARY**

This case arises out of several instances in which Plaintiff, Gerald L. Shults, Jr. ("Plaintiff"), alleges his sister, Defendant, Sandra Norling ("Norling"), published negative false information about him. See generally, <u>Complaint</u>. Regardless of the accuracy of Plaintiff's claims, the majority of the allegations in the Complaint are untimely on their face and must be dismissed. Additionally, Plaintiff fails to state a claim for negligent infliction of emotional distress or disparagement. Finally, Ohio's statutory cap on non-economic damages applies.

**II.     FACTUAL & PROCEDURAL HISTORY**

On **February 24, 2020**, Plaintiff filed his Complaint in the Clermont County Court of Common Pleas. On **March 19, 2020**, Norling removed this action to federal court based on diversity jurisdiction, as the parties are citizens of different states and the alleged amount in controversy exceeds $75,000. See <u>Doc. # 1</u>.

In his Complaint, Plaintiff makes the following factual allegations:

1.   **March 25, 2017**: Norling contacted the Union Township Police Department and filed a false report accusing Plaintiff of inappropriate contact with minor children. (<u>Doc. #2</u> at ¶ 9).

2.   **March 27, 2017**: Norling contacted the Union Township Police Department accusing Plaintiff of molestation/sexual abuse of his grandchildren. (<u>Id.</u> at ¶ 11).

3.   **May 26, 2017**: Norling contacted the Union Township Police Department and alleged Plaintiff had inappropriate contact with his son's minor children. (<u>Id.</u> at ¶ 10).

4.   **"Throughout 2017 and 2018:"** Norling continued a pattern of accusing Plaintiff of molestation. (<u>Id.</u> at ¶ 12).

5.   **October 2018**: Norling contacted the US Military which resulted in Plaintiff's **son** facing inquiries regarding sexual abuse. (<u>Id.</u>)

- 3 -

6. **February 15, 2019**: Norling contacted the Union Township Police Department lodging the same accusations previously referenced. (<u>Id.</u> at ¶ 11).

7. **March 24, 2019**: Plaintiff contacted one of the minor children via instant messenger and Plaintiff informed her not to contact him or his grandchildren. (<u>Id.</u> at ¶ 15).

8. **March 25, 2019**: Norling contacted West Clermont High School to accuse Plaintiff of molesting grandchildren. (<u>Id.</u> at ¶ 16).

9. "**Thereafter**," Norling published a Facebook post accusing Plaintiff of sexually abusing his grandchildren and using his employment to gain access to children. (<u>Id.</u> at ¶ 17).

Based on the above alleged facts, Plaintiff asserts three causes of action: defamation of character, intentional/negligent infliction of emotional distress, and unlawful disparagement. See, <u>id.</u> Nearly all of the alleged conduct occurred more than a year prior to the filing of Plaintiff's Complaint, rendering his claims time-barred.

## III.    STANDARD FOR JUDGMENT ON THE PLEADINGS

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. <u>Fed. R. Civ. P. 12(c)</u>. A district court reviews a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, using the same standard as applies to a review of a motion to dismiss under Rule 12(b)(6). <u>Jackson v. Professional Radiology Inc.</u>, 864 F.3d 463, 465–66 (6th Cir. 2017).

"The district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." <u>United States ex rel. Sheldon v. Kettering Health Network</u>, 816 F.3d 399, 407 (6th Cir. 2016). However, "a legal conclusion couched as a factual allegation" need not be accepted as true. <u>Bell Atlantic Corp. v.</u>

- 4 -

Twombly, 550 U.S. 544, 555 (2007). Rather, a plaintiff's obligation to provide the "grounds" for the claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The allegations must "raise a right to relief above the speculative level." Id. The complaint must state a claim that is plausible on its face, i.e., the court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a motion for judgment on the pleadings, a court may consider exhibits attached to the pleadings, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion, so long as they are referred to in the complaint and are central to the claims contained therein. Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "A federal court sitting in diversity must apply the law of the highest state court if the court has ruled on the matter in dispute; otherwise, the court may rely on case law from lower state courts." Henry v. Chesapeake Appalachia, L.L.C., 739 F.3d 909, 912 (6th Cir. 2014).

## IV.    LAW & ANALYSIS

### A.    Plaintiff's Claims for Defamation Arising Before February 24, 2019 are Untimely.

"Defamation, which includes both slander and libel, is the publication of a false statement 'made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in

FREUND, FREEZE & ARNOLD
A Legal Professional Association

his or her trade, business or profession.'" <u>Savoy v. Univ. of Akron</u>, 10th Dist. Franklin No. No. 13AP-696, 2014- Ohio 3043, 15 N.E.3d 430, 435 (quoting <u>Jackson v. Columbus</u>, 883 N.E.2d 1060, ¶ 9, 117 Ohio St. 3d 328, 2008-Ohio-1041).

The tort of defamation has a **one-year** statute of limitations. <u>R.C. 2305.11(A)</u>. Moreover, Ohio courts have consistently held that a cause of action for defamation accrues immediately upon the occurrence of the tortious act. See, e.g., <u>Smith v. Nat'l Western Life</u>, 8th Dist. Cuyahoga No. 104898, 2017-Ohio4184, 92 N.E.3d 169; <u>Rosenbaum v. Chronicle Telegram</u>, 9th Dist. Lorain Nos 01CA0079896, 01CA007908, 2002-Ohio-7319; <u>Fleming v. Ohio Atty. Gen.</u>, 10th Dist. Franklin No. 02AP-240, 2002-Ohio- 7352. "'[T]he statute of limitations begins to run when the allegedly defamatory words are first spoken or published regardless of the aggrieved party's knowledge of them.'" <u>Friedler v. Equitable Life Assur. Soc. of U.S.</u>, 86 F. App'x 50, 53 (6th Cir. 2003) (quoting <u>Sabouri v. Ohio Dep't of Job & Family Servs.</u>, 145 Ohio App. 3d 651, 763 N.E.2d 1238, 1240-41 (Ohio Ct. App. 2001)); see <u>Rainey v. Shaffer</u>, 8 Ohio App. 3d 262, 8 Ohio B. 354, 456 N.E.2d 1328, 1330-31 (Ohio Ct. App. 1983) (citation omitted). "This is known as the 'first publication' rule." <u>Gentile v. City of Solon</u>, No. 1:12CV1657, 2013 U.S. Dist. LEXIS 3408, 2013 WL 123621, at *2. (N.D. Ohio Jan. 9, 2013).

Here, Plaintiff filed his Complaint on **February 24, 2020**. Applying the first publication rule, any cause of action premised on an allegedly defamatory statement or libelous publication made prior to **February 24, 2019** is barred by the one-year statute of limitations. This means that, on the face of the Complaint, the following alleged actions are time-barred and all claims associated with such actions must be dismissed:

1. **March 25, 2017**: Norling contacted the Union Township Police Department and filed a false report accusing Plaintiff of inappropriate contact with minor children. (<u>Doc. #2</u> at ¶ 9).

- 6 -

2. **March 27, 2017**: Norling contacted the Union Township Police Department accusing Plaintiff of molestation/sexual abuse of his grandchildren. (<u>Id.</u> at ¶ 11)

3. **May 26, 2017**: Norling contacted the Union Township Police Department and alleged Plaintiff had inappropriate contact with his son's minor children. (<u>Id.</u> at ¶ 10).

4. **"Throughout 2017 and 2018:"** Norling continued a pattern of accusing Plaintiff of molestation. (<u>Id.</u> at ¶ 12).

5. **October 2018**: Norling contacted the US Military which resulted in Plaintiff's **son** facing inquiries regarding sexual abuse. (<u>Id.</u>)

6. **February 15, 2019**: Norling contacted the Union Township Police Department lodging the same accusations previously referenced. (<u>Id.</u> at ¶ 11).

Moreover, as to the allegation that Plaintiff contacted one of the minor children via instant messenger on March 24, 2019, there are no accompanying facts claiming that this communication was defamatory in any way. Accordingly, Plaintiff's Complaint also fails to state a claim for defamation arising out of this incident.

Because Plaintiff's claims for defamation based on any publications that occurred prior to February 24, 2019 must be dismissed as untimely and the Complaint fails to contain factual allegations regarding the March 24, 2019 contact with Plaintiff's minor children as defamatory, the *only* claims that survive the pleading stage would be based on Norling's March 25, 2019 contact with West Clermont High School and the Facebook post which allegedly occurred "thereafter." All others must be dismissed.

**B. <u>Plaintiff's Intentional Infliction of Emotional Distress Claims are Subject to the Same Statute of Limitations as Derivative.</u>**

Ohio Revised Code 2305.09 provides for a four-year statute of limitation for claims for intentional infliction of emotional distress. However, "in determining which statute of limitations should be applied to a particular cause of action, * * * courts must look to the actual nature or

- 7 -

subject matter of the case rather than the form in which the action is pleaded. The grounds for bringing the action are the determinative factors; the form is immaterial." Breno v. City of Mentor, 8th Dist. Cuyahoga No. 81861, 2003-Ohio-4051, ¶ 10 (internal citations omitted; omission in original).

As this applies in the context of intentional infliction of emotional distress claims based on allegedly defamatory statements, Breno explained:

> Where a claim for intentional infliction of emotional distress is set forth under a separate count in a complaint, **the applicable statute of limitations for the entire claim is determined by the essential character of the underlying tort action**. Hoppel v. Hoppel (Mar. 29, 2000), Columbiana App. No. 99-CO-46, 2000 Ohio App. LEXIS 1448, citing Love v. Port Clinton (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166.
>
> * * *
>
> **Where the underlying wrong which the complaint alleges is defamation, the one-year statute of limitations applicable to defamation applies to the emotional distress claim**. Lusby v. Cincinnati Monthly Publishing Corp. (C.A. 6 1990), 904 F.2d 707. As noted by the Sixth Circuit Court of Appeals, "it would be unfair to permit [a] plaintiff to recover for the alleged [defamation] under the guise of an action for emotional distress when the Ohio General Assembly has specifically elected to limit the availability of such an action through a brief filing period." Id. Thus, where a claim is expressly premised upon a "communication" of false information, it is properly characterized as a "disguised defamation" claim. Worpenberg v. The Kroger Co., Hamilton App. No. C-010381, 2002-Ohio-1030. Moreover, although a claim for emotional distress is recognized as a separate tort under Ohio law, if the claim sounds in defamation it is subject to the one-year statute of limitations for defamation. See Id.; Lusby, 904 F.2d 707; Hoppel, Columbiana App. No. 99-CO-46, 2000 Ohio App. LEXIS 1448.
>
> We recognize where a claim for reputational harm sounds in defamation, some courts have allowed a negligence claim to survive in spite of the communication if the complaint addresses other noncommunicative negligent conduct by the defendant. *Silbaugh*, "Sticks and Stones Can Break My Name: Nondefamatory Negligent Injury to Reputation," 59 U.CHI.L.REV. 865. In the instant case, however, both claims for negligent and intentional infliction of

- 8 -

> emotional distress are based exclusively on [Defendant] providing information to the police. Since this "communication" forms the basis of both these claims, they sound in defamation and are subject to the one-year statute of limitations.

Id. at ¶¶ 10, 12-13 (emphases added).

Here, as to defamation, Plaintiff's Complaint alleges statements were published by Norling "with malice, hatred and ill will towards Plaintiff or with recklessness and negligence, with the intent to cause damage to Plaintiff" and that Plaintiff "has been and continues to be embarrassed, humiliated, and devastated by the false statements and implications and Plaintiff has been and continued to be shunned, avoided and subjected to ridicule resulting in financial, mental and physical damages." Doc. # 2, ¶¶ 27-28. As to intentional infliction of emotional distress, Plaintiff's Complaint alleges Norling "intentionally and/or recklessly and/or negligently made disparaging remarks, and/or harmful and offensive allegations and/or derogatory statements in order to cause mental, psychological, emotional, and/or financial damage to Plaintiff." Id. at ¶ 32.

Accordingly, it is clear that on its face, the claims in the Complaint for intentional infliction of emotional distress are entirely based on the allegedly defamatory actions Plaintiff outlined earlier in the Complaint; they are claims for defamation in disguise. Plaintiff alleges no "separate conduct or conduct of a different nature than the publication of defamatory material" that would give rise to a separate claim that would provide a longer limitation period.

Consequently, the one-year statute of limitations in R.C. 2305.11(A) applies to the all emotional distress claims and any allegations in the Complaint *prior to* **February 24, 2019** are untimely and must also be dismissed.

### C. **Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress.**

Plaintiff's Complaint summarily hedges a claim for negligent infliction of emotional distress as attached to the claim for intentional infliction of emotional distress. First, the above-

- 9 -

cited analysis would operate not only to bar any claims prior to February 24, 2019 as untimely, but to again characterize them as defamation claims in disguise. However, even if without such an analysis, for any claim arising *after* February 24, 2019, Plaintiff fails to state a claim.

The tort of negligent infliction of emotional distress is extremely limited. It applies **only** when "a bystander or witness to a sudden negligently caused event is traumatized by its emotionally distressing occurrence." Bartlett v. Daniel Drake Mem. Hosp., 75 Ohio App.3d 334, 339 (1991). For example, the Ohio Supreme Court has allowed a claim for negligent infliction of emotional distress to proceed when a car accident resulted in the gruesome death of one passenger *witnessed by* the other passenger. See Binns v. Fredendall, 32 Ohio St.3d 244 (1987). Without this type of factual scenario, the tort does not exist. See Bartlett, 75 Ohio App.3d at 339.

Here, the factual scenario required for a claim of negligent infliction of emotional distress simply does not exist. Plaintiff does not allege he was a bystander or witness to any traumatic event. Instead, again, his claims are rooted entirely in allegedly defamatory conduct. Accordingly, any claim for negligent infliction of emotional distress, to the extent it was pled at all, must be dismissed as both insufficient and unsupported.

### D. Unlawful Disparagement is Duplicative of Defamation and Subject to the Same Statute of Limitation.

Finally, Plaintiff's Complaint alleges a cause of action for "unlawful disparagement." The extent to which disparagement exists as a cause of action in Ohio is not well-developed.

In his Complaint, Plaintiff cites a 40-year-old case: Village of Grafton v. American Broadcasting Co., 70 Ohio App.2d 205, 435 N.E.2d 1131 (9th Dist. 1980). Initially, Grafton was a village's claim for *defamation* arising out of a documentary on hazardous chemical waste dumps; the opinion referenced the word "disparagement" only once and explicitly said "we continue to treat the action as one for defamation * * * ." Id. at 206.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

The only avenue in which a claim for "disparagement" might exist in Ohio is actually codified through Ohio's Deceptive Trade Practices Act in R.C. 4165.02, *et seq.* However, R.C. 4165.02(A)(10) & (B) provide a civil remedy when a person *in the course of their business, vocation, or occupation* disparages the goods, services, or business of anther by false representation of fact. See also, e.g., <u>A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council</u>, 73 Ohio St.3d 1, 1995-Ohio-66, 651 N.E.2d 1283.

Furthermore, courts have found disparagement is generally duplicative rather than separate from a defamation claim, dismissing such claims accordingly. See, e.g., <u>Toledo Heart Surgeons, Inc. v. Toledo Hosp.</u>, 154 Ohio App.3d 694, 2003-Ohio-5172, 798 N.E.2d 694, ¶ 12 (6th Dist.). Finally, even a commercial disparagement claim is subject to the one-year statute of limitations for defamation. See, e.g., <u>Veracity Group, Inc. v. Cooper-Atkins Corp., Inc.</u>, S.D.Ohio No. 1:11-cv-526, 2012 U.S. Dist. LEXIS 7997 (Jan. 24, 2012).

Here, Plaintiff claims that the allegedly false "statements, utterances and writings made by [Norling] * * * constitute disparaging publications against the Plaintiff's integrity, parenting abilities, profession, virtue, honesty, reputation, and resulted in damages to Plaintiff," and that such publications resulted in damages. <u>Doc. # 2</u>, ¶¶ 35-36. Accordingly, Plaintiff's claim for disparagement arises out of the same actions as his defamation claims. Nothing in the Complaint claims that Norling's allegedly defamatory statements were in the course of business or referenced goods, services of the business of Plaintiff, so Plaintiff does not have any claim for commercial disparagement or unlawful trade practices. Instead, Plaintiff's disparagement claims are simply duplicative of his defamation claims and should be dismissed based on duplicity.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

Finally, to the extent any sort of disparagement claim would survive independently, such claims are subject to the same timeliness analysis in section IV.A, *supra*.  As explained therein, any of Plaintiff's claims arising before February 24, 2019 are untimely and must be dismissed.

### E.  Ohio's Statutory Cap on Non-Economic Damages Applies.

Ohio Revised Code 2315.18(B)(2) provides that the maximum non-economic damages that can be awarded to a plaintiff in a tort action is $250,000.  "'Tort action means a civil action for damages for injury or loss to person or property."  R.C. 2315.18(A)(7).  The Supreme Court of Ohio has unequivocally held "under the plain language of R.C. 2315.18(A)(7), defamation is a 'civil action for damages for injury or loss to person.'"  Wayt v. DHSC, L.L.C., 155 Ohio St.3d 401, 2018-Ohio-4822, 122 N.E.3d 92, ¶ 22.  Wayt further found that the legislature could easily have drafted the statute to except defamation from the cap on damages, but it did not.  Id. at ¶ 23.

Here, Plaintiff's *only* claims are for reputational damage: his entire Complaint consists of defamation claims and defamation in disguise.  Therefore, to the extent Plaintiff could succeed on the merits on any claims surviving the pleading stage, recovery of non-economic damages would be limited to a maximum of $250,000.  Accordingly, Defendant Norling asks this Court to limit Plaintiff's damages in accordance with 2315.18(B)(2).

## V.  CONCLUSION

For the foregoing reasons, many of the allegations in Plaintiff's Complaint cannot form a claim for relief as they are either untimely, duplicative, or factually unsupported.  Accordingly, Defendant, Sandra Norling, respectfully requests this Court dismiss: (1) the claims for disparagement as duplicative; (2) the claims for negligent infliction of emotional distress for failure to state a claim; and (3) all claims for relief arising prior to **February 24, 2019** as untimely.  Finally, Norling requests this Court apply the cap on non-economic damages to any remaining claims, limiting Plaintiff's non-economic damages to a maximum of $250,000.

- 12 -

Respectfully submitted,

| | |
|---|---|
| */s/ Jennifer L. Wilson* | */s/ Edward J. Collins* |
| Jennifer L. Wilson (0071376) | Edward J. Collins (0025833) |
| FREUND, FREEZE & ARNOLD | DRODER & MILLER CO., LPA |
| Capitol Square Office Building | 250 East Fifth Street |
| 65 E. State Street, Suite 800 | Suite 700 |
| Columbus, OH 43215-4247 | Cincinnati, OH 45202 |
| T: 614-827-7300 | T: 513-721-1504 ext. 206 |
| F: 614-827-7303 | F: 513-721-0310 |
| jwilson@ffalaw.com | ecollins@drodermiller.com |
| *Counsel for Defendant, Sandra Norling* | *Co-Counsel for Defendant Sandra Norling* |

*/s/ Nicole A. Mitchell*

Nicole A. Mitchell (0068178)
FREUND, FREEZE & ARNOLD
Union Centre Office Park II
8899 Brookshire Avenue, Suite 203
West Chester OH 45069
T: 513-587-3917
F: 513-618-3917
nmitchell@ffalaw.com
*Counsel for Defendant, Sandra Norling*

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was served this 8th day of May 2020, via electronic mail and/or regular U.S. mail, upon:

Mark C. Eppley (0079218)
Andrew W. Green (0072978)
635 West Seventh Street
Suite 300
Cincinnati, OH 45203
Phone: 513-621-6275
Fax: 513-621-6274
mark@eppleylegalgroup.com
andrew@eppleylegalgroup.com
*Counsel for Plaintiff*

*/s/ Jennifer L. Wilson*
Jennifer L. Wilson (0071376)

FREUND, FREEZE & ARNOLD
A Legal Professional Association